**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30830
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HECTOR CUERO RIASCOS,
also known as Hector Riascos Cuero,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

February 28, 1996

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

Hector Cuero Riascos ("Riascos") appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

FACTS AND PROCEEDINGS IN DISTRICT COURT

Pursuant to a plea agreement, Riascos pleaded guilty to being in the United States after having been previously deported in violation of 8 U.S.C. § 1326(b)(2). At sentencing, the district court concluded that Riascos's prior conviction was an "aggravated felony" under the guidelines and sentenced Riascos to 78 months' imprisonment. Counsel filed a notice of appeal, but the appeal was dismissed for want of prosecution.

Eight months later, Riascos filed a motion for relief under 28 U.S.C. § 2255, alleging that he had been improperly sentenced under the Sentencing Guidelines and that he had been denied effective assistance of counsel during plea negotiations and sentencing. The magistrate judge issued a report and recommendation, recommending that the court deny Riascos' application. The magistrate judge concluded that Riascos' sentencing error claim was procedurally barred as he could have raised this issue on appeal but failed to do so and had not shown cause for this failure and actual prejudice. The magistrate judge also reviewed the record and rejected Riascos' allegations as unfounded.

Riascos filed a "Petitioner's Traverse to the Magistrate's Recomendation" [sic], in which he, *inter alia*, alleged that his counsel had been ineffective for failing to argue this sentencing issue on appeal. After considering Riascos' "traverse," the district court adopted the magistrate judge's report, with minor modifications, and denied the application. The district court made no specific reference to Riascos' claim of ineffective assistance of counsel on appeal, but found Riascos' sentencing issue without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

On appeal, Riascos reiterates the claim, first made in his objections to the magistrate judge's report and recommendation, that he asked counsel to appeal but counsel failed to file a brief. The record supports Riascos' allegation that he was denied counsel on appeal. Prejudice is presumed when movant experiences complete

denial of counsel, whether actual or constructive. *Sharp v. Puckett*, 930 F.2d 450, 451-52 (5th Cir. 1991).

The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint. *Johnson v. Bartlett*, No. 94-50238, slip op. at 8-9 (5th Cir. Sept. 30, 1994), citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) (leave to amend pleading out-of-time should be given freely when justice so requires). We review the district court's failure to allow such an amendment for abuse of discretion. *Id.*

Riascos' pleadings, taken together, clearly advised the district court that he had been denied effective assistance of counsel on appeal. To penalize Riascos for less-than-perfect pleading is a clear violation of the rule that courts must liberally construe *pro se* pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Further, the district court's disposition was based, in part, on the fact that the one appeal issue that Riascos has identified with no assistance from counsel was, in the district court's opinion, without merit. The right to counsel on direct appeal is not limited to those individuals who can articulate a meritorious appeal issue without the assistance of counsel. For these reasons, we conclude that the district court's failure to construe Riascos' "traverse" as a motion to amend was an abuse of discretion.

CONCLUSION

3

Based on the foregoing, we reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.