IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50744
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE MARTINEZ BUSTAMANTE, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CA-520
- - - - - - - - - -

June 30, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Joe Martinez Bustamante, Jr. appeals the district court's denial of his 28 U.S.C. § 2255 motion. COA was granted on the issue whether Bustamante should be granted an out-of-time appeal on the grounds that counsel was ineffective in failing to prosecute his direct criminal appeal, as was recommended by the magistrate judge.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record demonstrates that counsel's inaction denied Bustamante his right to a direct appeal. See U.S. v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996)(record supported denial-of-appellate counsel claim when counsel filed notice of appeal but the appeal was dismissed for lack of prosecution). The Government's contention that counsel was not ineffective because Bustamante ultimately decided to pursue a collateral challenge instead of a direct appeal is without merit. Counsel's affidavit acknowledges that he did not perfect the appeal; it further explains that Bustamante's decision to pursue a collateral challenge was made only after the appeal had been dismissed and was the result of counsel's advice to pursue a collateral attack because of the difficulties involved in reinstating the appeal. As Bustamante points out, his decision to pursue a collateral challenge on counsel's advice after his appeal was dismissed is not evidence that he had not desired to pursue a direct appeal.

The Government's argument that Bustamante has not demonstrated any prejudice is not well-taken. Because Bustamante has demonstrated a constructive absolute denial of counsel, prejudice is presumed. See Penson v. Ohio, 488 U.S. 75, 88 (1988); Sharp v. Puckett, 930 F.2d 450, 451-52 (5th Cir. 1991). The district court erred in determining that Bustamante's denial-of-appellate-counsel claim is without merit. Its judgment is REVERSED, and the case is REMANDED for further proceedings.

We do not reach the other issues raised in Bustamante's brief because the appeal is limited to the issue stated in the

certificate of appealability.  See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

REVERSED AND REMANDED.