**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-10994

JOSEPHINE HURNDON,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, Commissioner, Social Security Administration,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(3:98-CV-2354)

August 21, 2000

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Josephine Hurndon appeals the dismissal of her complaint challenging the denial of her social security disability benefits claim. We affirm.

An Administrative Law Judge ("ALJ") found Hurndon disabled as of January 10, 1996, but not disabled on her alleged onset date of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

disability on March 18, 1993 through January 9, 1996. Hurndon was held not entitled to disability insurance benefits under the Social Security Act because her insured status expired on December 31, 1994, before her period of disability began.

The ALJ determined that, during the relevant time period, Hurndon suffered from a "severe" impairment, as defined by the Social Security Act, caused by decreased hearing, lupus and obesity. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). He found that her impairments amounted to a listed impairment and she could not return to her past relevant work, but that she retained the residual functional capacity to perform sedentary work with a sit and stand option. The ALJ also found that Hurndon had acquired transferable work skills from her past employment. Based on vocational expert testimony, the ALJ determined that Hurndon could perform jobs that existed in significant numbers in the national economy, and denied her claim. Hurndon requested a review of the ALJ's decision by the Appeals Council which denied her request for review, making the ALJ's decision final.

Hurndon filed a complaint in the district court claiming, *inter alia*, that substantial evidence did not support the ALJ's finding that she retained transferable skills. The district court dismissed the complaint, finding that any error that the ALJ had made in finding that Hurndon's work skills were transferable was harmless because the evidence showed jobs within Hurndon's capacity

that did not involve transferable work skills.

A social security claimant must exhaust administrative remedies before the claimant can seek judicial review in federal court. *See* 20 C.F.R. § 404.900(a), (b). Hurndon's *pro se* request for review filed with the Appeals Council, although arguably not raising the issues addressed in this appeal, satisfied that requirement. *See Sims v. Apfel*, ___ U.S. ___, 120 S. Ct. 2080, 2086 (2000)("Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues.").

Hurndon asserts in her first point of error that the ALJ's finding that she possessed transferable work skills was not supported by the evidence. The district court found that the ALJ's alleged error in identifying transferable skills was harmless and did not justify overturning the final administrative decision because jobs within Hurndon's residual functional capacity not involving the transferability of work skills were identified by the vocational expert and the ALJ. *See* 20 C.F.R, § 404.1568. We agree that any error by the ALJ concerning Hurndon's transferable work skills did not affect her substantial rights and therefore does not require reversal. *See Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989).

Hurndon next asserts that the record does not contain evidence of the number of available unskilled jobs that she could perform.

3

The Commissioner contends that Hurndon did not properly raise the issue regarding the sufficiency of the evidence of unskilled jobs in the district court and that she has waived the right to appellate review of this issue.

Hurndon raised the issue for the first time in her objections to the magistrate judge's findings, conclusions and recommendation. The district court overruled Hurndon's objections and adopted the magistrate judge's report without specific discussion of the sufficiency of the evidence point. A district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). Leave to amend a pleading out-of-time should be freely given when justice so requires. *See id.*

We review the district court's failure to allow such an amendment for abuse of discretion. *See id.* The district court's discretion is bounded by two competing interests: the need to bring litigation to an end and the need to render a just decision. *See Freeman v. County of Bexar*, 142 F.3d 848, 852-53 (5th Cir. 1998). We find no basis in the record or in the briefs for concluding that the ALJ's finding that Hurndon could perform jobs that existed in significant numbers in the national economy was unjust. The district court did not abuse its discretion in failing to consider Hurndon's argument, raised for the first time in her objections to

the magistrate's report.

Based on the foregoing, we affirm.

AFFIRMED.