IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10498
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GURRUSQUIETA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-993-P
(3:97-CR-158-19-P)
--------------------
March 16, 2001

Before  SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This court granted a certificate of appealability on the issue whether the district court erred by failing to consider the reply filed by Juan Gurrusquieta, federal inmate #30750-077, as a liberally construed amendment to his 28 U.S.C. § 2255 motion.  A district court's denial of a motion to amend is reviewed for an abuse of discretion.  Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981).  Moreover, courts are required to

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

construe liberally the filings of pro se litigants.  See United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).

Gurrusquieta's reply provided further details on his ineffective-assistance claim concerning the advice and information counsel gave Gurrusquieta after sentencing.  It is unclear from the record whether the district court considered Gurrusquieta's reply at all.

The Government requests a remand in order for the district court to resolve factual issues that may be dispositive of Gurrusquieta's claim that counsel rendered ineffective assistance in his advice and information to Gurrusquieta concerning his right to appellate counsel for the direct appeal.  Our review of the record, including the court's admonishment to Gurrusquieta at sentencing, fails to reveal whether Gurrusquieta was informed of his right to seek appointed counsel for appeal if he could not afford to retain counsel.  Whether counsel's assistance amounted to deficient performance depends on the information Belt gave Gurrusquieta after sentencing about acquiring retained appellate counsel or about seeking appointed counsel if Gurrusquieta could not afford retained counsel.  See Roe v. Flores-Ortega, 120 S. Ct. 1029, 1036-37 (2000).  Presently, the record fails to provide findings of fact concerning what counsel told Gurrusquieta, and Gurrusquieta's constitutional right to appellate counsel is arguably implicated.

For the district court to deny 28 U.S.C. § 2255 relief without holding an evidentiary hearing, the record must conclusively demonstrate that Gurrusquieta is not entitled to

relief.  United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  In light of the absence of factual findings on what counsel advised Gurrusquieta and in light of the Government's request for a remand, we VACATE the district court's denial of 28 U.S.C. § 2255 relief and REMAND for further proceedings, including an evidentiary hearing.

VACATED and REMANDED.