IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30546
Summary Calendar

_____

ROBERT JACKSON,

Plaintiff-Appellant,

versus

BYRD, Warden; CORRECTIONAL
CORPORATION OF AMERICA,
of Tennessee; DEPARTMENT OF
CORRECTIONS; HUBERT, Warden;
LUCAS, Chief, HASSLE, Captain;
J. BROWN; MACKEY; C. SWEARINGEN;
MYLES, Lieutenant,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-238

_____

September 4, 2001

Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Jackson, Louisiana inmate #295276, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous.

Jackson argues that his Eighth Amendment rights were violated when

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was denied the prescription drug "Batroban" and when prison nurses refused to change his dressings. He further argues that he suffered violations of his Eighth Amendment and substantive due process rights when he was ordered to remain naked in a cold cell for fourteen hours.

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

The documents submitted with the complaint refute Jackson's allegations of deliberate indifference. Jackson was not only treated on a continuous basis for his medical condition, but he received medication for it as well. The fact that it was not the medication Jackson would have liked to have received does not give him a cognizable claim under 42 U.S.C. § 1983. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Jackson's allegation that the prison nurses failed to change his dressings is also unsupported by the record. The district court did not err in dismissing Jackson's Eighth Amendment medical treatment claim as frivolous, and we affirm that part of its judgment.

If Jackson's pleadings are given a liberal construction, *see United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996), he has also raised an Eighth Amendment claim insofar as he has alleged

2

that several of the defendants ordered him to remain naked in a cold cell for fourteen hours in retaliation for filing a false complaint of sexual harassment against one of the female correction officers.  This is not a facially frivolous claim.  *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (punishment rises to the level of "cruel and unusual" if it involves the wanton and unnecessary infliction of pain).  The magistrate judge did not address this allegation in his report, and the district court did not rule on its merits.  We therefore reverse in part and remand for the district court to address the merits of the retaliation claim.  *See Eason v. Thaler*, 14 F.3d 8, 9 & n.5 (5th Cir. 1994) (unless *pro se* prisoner's complaint is fantastic or delusional, he should be allowed to make more specific allegations of his constitutional claim).

AFFIRMED IN PART; REVERSED IN PART; REMANDED