IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30398
Summary Calendar
_____


DEDLON GELIN,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2243
--------------------
November 19, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dedlon Gelin appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which challenged his removal order based upon his Massachusetts conviction for distribution of cocaine. Gelin argues that he is entitled to a withholding of removal under 8 U.S.C. § 1231(b)(3) or a deferral of removal under the Convention Against Torture under 8 C.F.R. § 208.17. He does not raise issue with the district court's determination that he was not entitled to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seek INA § 212(c).  Gelin has thus waived the claim, and we not address it.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  The district court judgment as to this claim is AFFIRMED.

With respect to Gelin's claims that he was entitled to either a withholding or a deferral of removal based upon his contention that he will be persecuted and/or tortured upon his return to Haiti, Gelin did not clearly assert these claims in the district court until his objections to the magistrate judge's report, and the district court never addressed the claims.  The claims should have been addressed.  See United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).

Gelin did not include any of the records from his removal proceedings.  Whether he has raised these claims before the immigration judge and the Board of Immigration Appeals and whether he exhausted his administrative remedies are not clear.  The district court's order dismissing Gelin's 28 U.S.C. § 2241 petition is VACATED and the case is REMANDED so that the district court may address Gelin's withholding and deferral of removal claims and determine whether Gelin has exhausted his administrative remedies with respect to those claims.

VACATED AND REMANDED FOR FURTHER PROCEEDINGS.