**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-40923

(Summary Calendar)

_____

RALPH E. PLACE, JR,

                                    Plaintiff - Appellant,

versus

K THOMAS; MIKE BURKS; BILL GRAFF; SUSAN
HASTINGS, Warden,

                                    Defendants - Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 5:02-CV-87

_____

January 29, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

      Federal prisoner Ralph E. Place, Jr. ("Place") appeals the district court's dismissal of his civil

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights complaint against several employees at his prison. The district court adopted the findings and conclusions of the Magistrate's Report, which recommended that Place's complaint be dismissed with prejudice, apparently for Place's failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

On appeal, Place continues to allege that the four named defendants either threatened him using obscene, abusive, and profane language or condoned such verbal abuse, causing him to feel demeaned and humiliated. A prisoner's allegations of verbal abuse or of threats of abuse by a custodial officer are insufficient to state a constitutional violation. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Lynch v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir. 1987). Thus, the district court properly dismissed with prejudice Place's verbal abuse claims.

Place also complains about the district court's failure to address his claims, raised for the first time in his objections to the magistrate judge's report, that two other prison officials, Sharp and Fuentes, confiscated Place's "legal file" in retaliation for his exercise of a constitutionally protected right, and that their confiscation of his "legal file" hindered his access to the courts.

Generally, an issue raised for the first time in an objection to a magistrate judge's report is not properly before the district court and therefore is not cognizable on appeal. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). However, a court may construe an issue raised for the first time in an objection to a magistrate's report as a motion to amend, and may grant the motion when justice so requires. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

The district court, which did not address the claims Place raised for the first time in his objections to the magistrate's report, effectively denied Place's motion to amend his complaint to

include these claims. We therefore review the court's failure to allow such an amendment for abuse of discretion. *Riascos*, 76 F.3d at 94.

To establish a claim of retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and 4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Here, Place failed to designate the specific constitutional right which he exercised and which triggered the prison officials' retaliation against him. Thus, Place has not established that the district court abused its discretion in failing to allow Place to amend his complaint to include his retaliation claim.

Also, the district court did not abuse its discretion in failing to allow Place to add his "access-to-the courts" claim to his complaint, since Place failed to allege an "actual injury" in his objections to the Magistrate's Report. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (reasoning that a prisoner must show "actual injury" to prevail on an access-to-the-courts claim). Place failed to claim that he was prejudiced "with respect to existing or contemplated litigation, such as the inability to meet a filing deadline or present a claim." *See id.* at 348 (defining "actual injury").

For these reasons, we AFFIRM the district court's judgment.