United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30154
Summary Calendar

_____

RICKY JOSEPH ALEX,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; KELLY WARD;
BECKY MOSS; JAMIE FUSSELL; HENLEY,
Captain; RAY HANSON; BILL
HOLLENSHEAD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-327
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricky Joseph Alex, Louisiana prisoner # 98130, appeals the

district court's dismissal as frivolous of his 42 U.S.C. § 1983

lawsuit against various employees of the Wade Correctional

Center. He asserts that the district court abused its discretion

in dismissing his challenges to the defendants' delays in

processing his prison grievances. He has not established that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). His assertions that the delays violated prison rules are insufficient by themselves to establish a constitutional violation. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Alex also contends that the district court erred in not considering his assertion that the defendants violated his First Amendment rights and violated the Ex Post Facto Clause by denying him a publication. He has not established that the district court abused its discretion in not allowing Alex to amend his complaint with this issue, which was raised for the first time in his objections to the magistrate judge's report. See United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996); FED. R. CIV. P. 15(a).

Alex has not shown that the district court abused its discretion in dismissing his 42 U.S.C. § 1983 complaint as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Consequently, the judgment of the district court is AFFIRMED.