United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40498
Summary Calendar

IAN DAVID SHEFFIELD,

Plaintiff-Appellant,

versus

ROSE M. TREVINO; LT. DUNBAR;
CAPT. OWENS; TEXAS DEPARTMENT
OF CRIMINAL JUSTICE; JANIE COCKRELL,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CV-256

Before GARWOOD, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ian David Sheffield (Sheffield), Texas prisoner # 1130389,
appeals the summary judgment in favor of Rose Trevino (Trevino) on
his claim that Trevino violated various constitutional rights in
connection with classifying Sheffield as qualifying for DNA

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

collection.[1]  Finding no error, we affirm.

This court reviews the trial court's granting of summary judgment *de novo*, applying the same standard as the district court. *See Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

As a threshold matter, any claims for monetary damages are without merit as Sheffield has not alleged more than a *de minimis* physical injury.  *See* 42 U.S.C. § 1997e(e);[2] *Harper v. Showers*, 174 F.3d 716, 718-19 (5th Cir. 1999).  However, as Sheffield seeks declaratory and injunctive relief, we consider his underlying constitutional claims.  *See Harper*, 174 F.3d at 718-19.

With respect to Sheffield's "class of one" equal protection claims under the Fourteenth Amendment, the summary judgment evidence shows that Trevino's decision to register Sheffield for DNA collection was motivated by a belief that Sheffield had been convicted of compelling prostitution.  Sheffield admits telling Trevino that he had been in jail for compelling prostitution. Accordingly, Sheffield has not shown that "an illegitimate animus

---

[1]  The district court granted Trevino's motion for summary judgment in its Order of Dismissal dated march 16, 2005.  The court entered final judgment of dismissal with prejudice on the same day.

[2]  42 U.S.C. § 1997e(e), "Limitation on recovery," states: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

or ill-will motivated [] intentionally different treatment from others similarly situated and that no rational basis existed for such treatment." *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000), *overruled on other grounds by McClendon v. City of Columbia*, 305 F.3d 314, 328-29 (5th Cir. 2002). The district court did not err in granting summary judgment on this point.

Sheffield also contends that Trevino was motivated by his Muslim faith. Contrary to Trevino's assertion, Sheffield asserted this claim in the district court, albeit not until he filed his objections to the magistrate judge's report, and the district court addressed it. Nevertheless, Sheffield failed to submit any competent summary judgment evidence that Trevino ordered the DNA collection based on any unconstitutional religious bias. Sheffield's conclusory and unsworn assertions that Trevino became upset when he informed her that he was Muslim were insufficient to defeat a motion for summary judgment, particularly given that they conflicted with Sheffield's prior accounts of his conversation with Trevino, in which he failed to mention any religious motivation. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Accordingly, summary judgment was appropriate on this claim.

Sheffield next contends that the DNA extraction violated his Fourth Amendment rights. This claim is without merit in light of our holding in *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). *See also Groceman v. U.S. Dep't of Justice*, 354 F.3d 411

3

(5th Cir. 2004).

Sheffield also asserts that his Eighth Amendment right against cruel and unusual punishment was violated. Sheffield's vague Eighth Amendment claims in the district court did not put the issue sufficiently before the court. *See Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001). Further, he failed to allege or demonstrate any injury or use of force sufficient to support an Eighth Amendment claim. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Finally, Sheffield complains that the district court did not address his claims pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1965. These claims were first raised in a supplement to Sheffield's objections to the magistrate judge's report. As the district court did not address them, we assume that the district court exercised its discretion not to allow Sheffield to amend his complaint to add these claims. *See United states v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). Given the undue delay in bringing these claims, the fact that a summary judgment motion was pending, and Sheffield's failure to show why he could not have brought the claims earlier, the district court did not abuse its discretion. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.