

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2008

# Lee v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4838

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lee v. Williamson" (2008). *2008 Decisions*. Paper 328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4838
_____

MILES ORLANDO LEE,

Appellant

v.

TROY WILLIAMSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-01117)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2008

Before: McKEE, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion file: October 24, 2008)
_____

OPINION
_____

PER CURIAM

Miles Orlando Lee, a federal prisoner, appeals an order of the United States

District Court for the Middle District of Pennsylvania denying his 28 U.S.C. § 2241

petition for a writ of habeas corpus.  We will affirm.

In his petition, Lee alleged that he was transferred into a high security institution in retaliation for filing administrative complaints and a lawsuit, that he was denied placement in a drug treatment program that was recommended by his sentencing judge, and that he needed immediate medical and psychological treatment. The matter was referred to a Magistrate Judge, who concluded that Lee's claims were not cognizable in a habeas petition because they challenged his conditions of confinement, not the validity of his detention.[1] Accordingly, the Magistrate Judge recommended that the petition be denied. In his response to the Magistrate Judge's Report and Recommendation, Lee raised an additional claim involving the Bureau of Prison's allegedly improper calculation of his sentence. By order entered September 28, 2007, the District Court adopted the Report and Recommendation and dismissed Lee's § 2241 petition. The District Court agreed with the Magistrate Judge's recommendation regarding the claims presented in Lee's initial § 2241 petition and concluded that Lee could present his sentence calculation

---

[1] To the extent that Lee alleged that the denial of placement in the drug treatment program deprived him of eligibility for a sentence reduction, the Magistrate Judge found that, while cognizable in a habeas petition, the claim had not been properly exhausted. Lee argued that he was unable to exhaust the claim due to "loss of property by [prison] staff" and because of the fear he has for his life in prison. Generally, a federal prisoner must exhaust available remedies before filing a petition for a writ of habeas corpus pursuant to § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). The exhaustion requirement, however, may be excused if any attempt to obtain relief would be futile. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). In this case, loss of property and fear associated with being housed in a high security prison do not render exhaustion of the administrative process futile.

2

claim in a new § 2241 petition. Lee appealed.[2]

We agree with the District Court that Lee's claims concerning retaliation, denial of placement in the drug treatment program, and medical needs do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). Indeed, none of Lee's claims challenge the fact or length of his sentence or confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Because Lee's allegations pertain only to the conditions of his confinement, the District Court properly dismissed them.

After the Report and Recommendation was issued, Lee asserted for the first time that his sentence was improperly calculated. Rather than deem the claim waived, see Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996), recommit the matter to the

---

[2] A notice of appeal in a civil case in which the United States is a party must be filed within sixty days after the order appealed from is entered. See Fed. R. App. P. (4)(a)(1)(A). The time limits prescribed in Fed. R. App. P. (4)(a) are mandatory and jurisdictional. Bowles v. Russell, – U.S. –, 127 S. Ct. 2360, 2366 (2007). Lee's notice of appeal was filed on December 1, 2007, sixty-four days after the entry of the District Court's order denying his § 2241 petition. Twelve days after the entry of the District Court's order, however, Lee filed a document titled "Motion for a Certificate of Appealability." Because Lee specifically stated in that motion that he wanted to appeal the District Court's order denying his § 2241 petition, we will treat the motion as a timely notice of appeal. See Masquerade Novelty v. Unique Indus., 912 F.2d 663, 665 (3d Cir. 1990) (where contents of documents filed within appeal period contain information required by rule governing notice of appeal, party will be deemed to have complied with the rule and case will not be dismissed for lack of appellate jurisdiction); Fitzsimmons v. Yeager, 391 F.2d 849, 853 (3d Cir. 1968) (treating an application for a certificate of probable cause, filed before the deadline to appeal the denial of habeas relief, as a notice of appeal).

Magistrate Judge, see 28 U.S.C. § 636(b)(1), construe the claim as a motion to amend the petition, see United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996), or address the merits, see United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000), the District Court essentially dismissed the claim without prejudice, concluding that Lee could assert it in a new § 2241 petition. Importantly, however, under the abuse of the writ doctrine, a petitioner may not raise claims in a new § 2241 petition that could have been resolved in a previous action. See Zayas v. INS, 311 F.3d 247, 256 (3d Cir. 2002); see also McCleskey v. Zant, 499 U.S. 467, 483-86 (1991). The District Court failed to consider what effect, if any, the abuse of the writ doctrine would have on Lee's ability to assert his sentence calculation claim in a subsequent § 2241 petition. We need not determine whether the District Court erred, however, because Lee's sentencing calculation claim has been adjudicated on the merits in a separate § 2241 proceedings brought in the United States District Court for the Western District of Louisiana. See Lee v. Keffer, Civ. Action No. 07-1873 (W.D. La.). In that case, the District Court held that Lee failed to demonstrate that his federal sentence should run concurrently with a previously-imposed state sentence. Lee is precluded from raising the sentencing calculation claim again. See Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (holding that District Court properly dismissed claims in § 2241 petition that had been decided in previous habeas action).

In his Informal Brief, Lee alleges for the first time that "three misconducts that I was found guilty of . . . were against policy . . . [and] were too excessive in punishment."

4

Because this allegation was not raised in the District Court, we will not consider it on appeal.  See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994).

Accordingly, we will affirm the District Court's judgment.