# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2012

No. 11-30715
Summary Calendar

Lyle W. Cayce
Clerk

ALVIN ELZY,

Plaintiff-Appellant

v.

LOUISIANA STATE; CRIMINAL DISTRICT COURT, Case Number 292-307,
Section J,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-964

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alvin Elzy, Louisiana prisoner # 1000252372, proceeding pro se and in forma pauperis (IFP), filed a civil rights complaint under 42 U.S.C. § 1983 naming the State of Louisiana as a defendant. He asserted that he was convicted and sentenced for attempted aggravated rape in violation of his constitutional rights and asked the court to reverse his conviction and sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and award him $100,000 in damages. The district court dismissed his complaint as frivolous and for failure to state a claim, and Elzy appeals.

We review de novo a district court's dismissal of a complaint as frivolous and for failure to state a claim under both 28 U.S.C. § 1915A and § 1915(e)(2). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). We will uphold a dismissal for failure to state a claim if, "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Samford*, 562 F.3d at 678 (internal quotation marks and citation omitted). A claim is frivolous if it lacks "any arguable basis in law or fact." *Id.* (internal quotation marks and citation omitted).

The magistrate judge and district court were correct that the State is immune from a civil rights suit for damages and thus any § 1983 claims against the State of Louisiana necessarily fail. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004). They were also correct that any claim for damages is also barred by *Heck v. Humphrey,* 512 U.S. 477 (1994)*,* because judgment in Elzy's favor "would necessarily imply the invalidity of his conviction or sentence," which he did not allege had been previously overturned or invalidated. 512 U.S. at 487. Though Elzy appears to argue that he may seek the invalidation of his conviction through a § 1983 action, the sole vehicle for obtaining this relief in federal court is by petitioning for a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).

In his objection to the magistrate judge's report, Elzy expressed a desire to add other defendants, including the trial court and prosecutors, which could be construed as an attempt to amend the complaint. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). Generally a district court should not dismiss a pro se complaint without giving the plaintiff an opportunity to amend, *Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir. 1994). Nonetheless, dismissal was

No. 11-30715

warranted because bringing the same claims against these or any other potential defendants would be "indisputably meritless." *Id.* at 9 n.5 (internal quotation marks and citations omitted). Attempts to sue state employees in their official capacities for monetary damages would be barred by sovereign immunity. *See McCarthy ex rel. Travis*, 381 F.3d at 412. Prosecutors and judicial officers would be entitled to absolute immunity for acts taken in the performance of their prosecutorial or judicial functions. *See Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). More broadly, Elzy could not overcome the *Heck* bar because any award of damages in his favor would necessitate a ruling that his conviction was invalid, *see Heck*, 512 U.S. at 486-87, and he may not seek the invalidation of his conviction through a § 1983 claim, no matter what defendant he names, *see Preiser*, 411 U.S. at 499-500.

To the extent that Elzy attempts to raise on appeal new claims related to a subsequent arrest and conviction, we will not consider them because Elzy failed to raise them in the district court. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Cntrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

The judgment of the district court is affirmed. Elzy's request to submit supplemental briefing is granted. The district court's dismissal of Elzy's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Elzy is warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment in forma pauperis unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; PERMISSION TO SUBMIT SUPPLEMENTAL BRIEFING GRANTED; SANCTION WARNING ISSUED.