## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2013

Lyle W. Cayce
Clerk

No. 12-10350
Summary Calendar

SAMUEL REAVES,

Plaintiff-Appellant

v.

RICHARD VOGLEGESANG, Senior Warden;- Preston E. Smith Unit; James Ramsey, Head of Classification - Preston E. Smith Unit; F. Early, Assistant Warden - Preston E. Smith Unit; MRS. FRANCO, Building Major -Preston E. Smith Unit; RICHARD AYNES, Building Captain - Preston E. Smith Unit; CYNTHIA D. GUYER, Head Mail Room - Preston E. Smith Unit; NFN LOPEZANO, Mail Clerk - Preston E. Smith Unit,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CV-44

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Samuel Reaves, Texas prisoner # 1069396, filed a civil rights complaint against seven prison officials. Following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the magistrate judge recommended that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the action be dismissed.  The district court overruled Reaves's objection to the magistrate judge's report and dismissed the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

Reaves argues that it was error for the district court to have dismissed his complaint with prejudice without providing him an opportunity to amend.  His contention is without merit.  Reaves had an opportunity to flesh out his claims at the *Spears* hearing at which the magistrate judge responded affirmatively to Reaves's request to amend.  However, following that hearing he did not file any amendment to his complaint during the three-and-a-half-months that preceded the magistrate judge's report.  We will, however, consider the assertions made in Reaves's objections to the magistrate judge's report.  *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996); *United States v. Kye Soo Lee*, 898 F.2d 1034, 1038 n.6 (5th Cir. 1990).

Our review is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  We may affirm the district court's judgment on any grounds supported by the record.  *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

Reaves asserts that the magistrate judge interrupted him at the *Spears* hearing and did not allow him to explain the string of events relevant to his failure-to-protect claim.  He indicates that he could have provided the dates of the relevant occurrences; however, again, he did not follow up on his request to provide those dates, and he did not say anything in response to the magistrate judge's question: "is there anything else you want to tell me?"  Reaves fails by this argument to show error in the district court's determination that he has not stated a failure-to-protect claim. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

In the district court, Reaves claimed that he was forced to work in violation of his medical restrictions.  Reaves does not brief this claim on appeal.  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222,

224-25 (5th Cir. 1993). By failing to brief the issue, Reaves has abandoned his claim. To the extent that Reaves asserts a claim for relief based on being required to clean up blood spills at his prison unit, although he mentioned this issue at the *Spears* hearing, he failed to provide any facts sufficient to support his claim.

Reaves contends that the district court erred in dismissing his claim that the defendants were deliberately indifferent to his serious medical needs. His allegations are that, due to several missing teeth, he has difficulty in eating and in digesting food, experiences problems with his mouth, and has blood in his stool. We affirm the district court's dismissal of this claim because Reaves's allegations, taken as true, fail to establish the requisite personal involvement on the part of the defendants. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Reaves claims that employees of the prison mail room failed to send out his legal mail. As the district court determined, the record reveals no instance in which Reaves missed a court deadline in this matter. Reaves's conclusional assertion that the alleged failure affected events in the instant case is insufficient to show the requisite actual injury. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996).

Finally, Reaves contends that the transcript of the *Spears* hearing has been altered. Such a contention is properly directed to the district court for resolution. *Kirkpatrick v. Blackburn*, 777 F.2d 272, 282 (5th Cir. 1985). Reaves filed a document in the district court making conclusional allegations about the accuracy of the transcript and seeking relief, which the district court denied. "The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). Reaves's unsubstantiated assertion on appeal and conclusional assertions in the district court that the transcript has been altered is "hardly sufficient to overcome the

statutory presumption of accuracy." *Veillon v. Exploration Services, Inc.,* 876 F.2d 1197, 1201 (5th Cir. 1989).

In view of the foregoing, we affirm the judgment of the district court. Reaves's motion for the appointment of counsel is denied as he has not shown the existence of exceptional circumstances warranting such an appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982). Reaves's alternative request for leave to proceed pro se is denied as unnecessary.

The district court's dismissal of Reaves's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Reaves is hereby cautioned that if he accumulates three strikes he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

AFFIRMED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; MOTION FOR LEAVE TO PROCEED PRO SE DENIED AS UNNECESSARY; SANCTION WARNING ISSUED.