# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11112
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

KESHA TERRY,

> Plaintiff - Appellant

v.

ROSEMARY INOCENCIO; CAROL BOYD; CHIVAS SQUARE APARTMENTS, L.P.,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-660

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellant Kesha Terry filed a complaint alleging race discrimination in violation of the Fair Housing Act in the Northern District of Texas. The district court granted summary judgment in favor of Appellees because Terry had failed to establish a prima facie case of race discrimination or demonstrate that Appellees' legitimate, nondiscriminatory reasons for their actions were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pretextual. Terry now appeals to this Court, but her briefing fails to engage with the district court's reasoning, cite to the record, or cite relevant case law. "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28."[1] Terry has failed to do either, and we thus affirm the district court's dismissal of her Fair Housing Act claims.

Terry devotes most of her briefing to a number of state law claims. Appellees urge that we need not address these claims because they were not alleged in the second amended complaint or argued in Terry's opposition to their motion for summary judgment.[2] Terry did, however, raise these claims in her objections to the magistrate judge's findings, conclusions, and recommendation. Given Terry's pro se status, the district court should have construed her objections as a motion for leave to amend her complaint.[3] Though this Court normally reviews the district court's failure to comment on such an implicit motion for abuse of discretion,[4] we decline to do so here because it is unclear if the district court would choose to exercise supplemental jurisdiction over any potentially meritorious state law claims.[5] Accordingly, we remand to allow the district court to consider whether to grant Terry leave

---

[1] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (footnote omitted); *accord Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

[2] *See Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal.").

[3] *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam).

[4] *See id.* at 94-95.

[5] *See Enochs v. Lampasas County,* 641 F.3d 155, 161 (5th Cir. 2011) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992))); *see also Coghlan v. Wellcraft Marine Corp.* 240 F.3d 449, 455 (5th Cir. 2001); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246-47 (5th Cir. 1999).

to amend,[6] and if so, to consider whether to exercise supplemental jurisdiction over any newly added state law claims. We note that if the district court declines to exercise supplemental jurisdiction over Terry's state law claims the dismissal "should expressly be *without* prejudice so that the plaintiff may refile h[er] claims in the appropriate state court."[7]

We AFFIRM the dismissal of Terry's Fair Housing Act claims and REMAND for consideration of Terry's implicit motion for leave to amend.

---

[6] To be clear, the district court should consider whether granting leave to amend would be appropriate or inappropriate for any reason.

[7] *Bass*, 180 F.3d at 246.