# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50009

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2018

Lyle W. Cayce
Clerk

DONNA MARIE PRYOR,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-492

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Donna Marie Pryor, Texas prisoner # 1859201, received a 99-year prison sentence as a habitual offender after her conviction for felony driving while intoxicated. She moves this court for a certificate of appealability (COA) so that she may appeal the district court's denial of her 28 U.S.C. § 2254 application. In that application, she raised a claim that her trial counsel rendered ineffective assistance for not objecting that her sentence violated the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50009

Eighth Amendment. Pryor has not established that reasonable jurists would find the decision to deny relief on this claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To the extent that Pryor contends that the state appellate court violated her right to due process, she explicitly withdrew this claim in the district court and thus has waived it. *See Wood v. Milyard*, 566 U.S. 463, 474 (2012). She also seeks to raise new claims that her trial counsel was ineffective for (1) not filing a motion to suppress evidence collected during a traffic stop and not requesting a pretrial hearing, (2) neglecting to impeach a police officer's testimony regarding the cause for the traffic stop, and (3) improperly stating that Pryor was guilty. However, this court will not grant a COA on claims raised for the first time here. *See Johnson v. Quarterman*, 483 F.3d 278, 288 (5th Cir. 2007).

With the benefit of liberal construction, Pryor's submission also asks this court to grant a COA as to the district court's rejection of her attempt to amend her § 2254 application to add claims raised in her reply brief. Reasonable jurists would find debatable the district court's implicit procedural ruling not to permit Pryor to amend her § 2254 application to add these claims. *See Slack*, 529 U.S. at 484. Moreover, Pryor states a valid constitutional claim that the prosecutor violated her due process rights by urging the jury to impose a harsh prison sentence based on Texas's parole and good-time credit procedures. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Reasonable jurists, however, would not debate whether she stated valid claims that the prosecutor's remarks violated state law, trial counsel was ineffective for not requesting a limiting instruction, trial counsel was ineffective for calling Pryor's father to testify, and the prosecutor engaged in misconduct by aggressively questioning Pryor's father. *See id.*

No. 18-50009

Accordingly, we grant a COA as to the district court's procedural decision that prevented the court from considering Pryor's due process claim. We also conclude that further briefing is unnecessary. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). The district court abused its discretion by not liberally construing Pryor's pleading adding new claims as a motion to amend and not permitting her to bring those claims. *See United States v. Riascos,* 76 F.3d 93, 94 (5th Cir. 1996). She filed the motion within the time frame for amending her application as a matter of course, *see* FED. R. CIV. P. 15(a)(1), and, even if she would have required the court's leave to amend, nothing in the record overcomes the presumption in favor of granting leave, *see* FED. R. CIV. P. 15(a)(2); *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

IT IS ORDERED that Pryor's motion for a COA is GRANTED in part and DENIED in part. Pryor's motions for appointment of counsel and for DNA testing are DENIED. The district court's judgment denying Pryor's § 2254 petition is VACATED in part, and this matter is REMANDED to the district court for further proceedings with respect to Pryor's claim that the prosecutor's argument regarding the appropriate sentence violated her right to due process.