# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20029
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2019

Lyle W. Cayce
Clerk

LOYD LANDON SORROW,

Plaintiff-Appellants

v.

BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; UNIVERSITY OF TEXAS MEDICAL BRANCH; UNIVERSITY OF TEXAS MEDICAL BRANCH - C. T. TERRELL UNIT; ERIN ALISON JONES; DR. ABRON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2493

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Loyd Landon Sorrow, Texas prisoner # 1134905, appeals the district court's dismissal of his complaint, in which he raised claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. Sorrow has also filed a motion for the appointment of counsel. The issue list

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Sorrow's brief indicates that he seeks to challenge both the November 1, 2017, dismissal of his claims against University of Texas Medical Branch and Erin Allison Jones, M.D., and the district court's January 23, 2018, dismissal of claims against Stephanie Abron, M.D., and Texas Department of Criminal Justice Executive Director Brian Collier. However, his arguments, for the most part, do not address the issues raised in his issue list.

In general, Sorrow's arguments consist of conclusional statements, without coherent identification of error in the many detailed findings made by the district court. Accordingly, Sorrow has abandoned many possible challenges to the district court's dismissal of his complaint. *See, e.g., Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (providing that to preserve an issue for appeal, even pro se litigants must brief an argument); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (providing that although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and this court liberally construes briefs of pro se litigants, pro se parties must brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28). He has also abandoned, through failure to brief, any challenge to the district court's denial of his motion for reconsideration and denial of his motion to sever. *See Mapes*, 541 F.3d at 584; *Grant*, 59 F.3d at 524.

Sorrow's arguments do not demonstrate error in the district court's analysis that resulted in the dismissal of his claims, in part, for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (providing that, for a claim to survive a Rule12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level"). He has also failed to demonstrate error in the district court's partial grant of summary judgment. *See* FED. R. CIV. P. 56; *Duffie v.*

No. 18-20029

*United States*, 600 F.3d 362, 371 (5th Cir. 2010) (providing that if the movant satisfies its burden pursuant to Rule 56 of the Federal Rules of Civil Procedure, the nonmovant cannot avoid summary judgment by resting on the allegations of his pleading or by offering conclusory claims, unsubstantiated assertions, or a mere scintilla of evidence).

While Sorrow challenges the district court's denial of his motion for leave to amend his pleadings, his conclusional assertions on this issue fail to establish that the district court abused its discretion by determining that his motion to amend was futile. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). Additionally, Sorrow fails to demonstrate that the district court's stay of discovery in light of the assertions of the qualified immunity defense was an abuse of discretion. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Finally, this case does not present exceptional circumstances warranting the appointment of appellate counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Cooper v. Sherriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

The judgment of the district court is AFFIRMED. Sorrow's motion for the appointment of counsel is DENIED.