991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose Daniel ESQUIVEL, Petitioner-Appellant,
v.
Jack COWLEY, Respondent-Appellee.
 No. 92-6188.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jose Daniel Esquivel appeals the district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2254 (1988). Mr. Esquivel asserts he was denied effective assistance of counsel on his first state court appeal and has thus demonstrated cause for his failure to raise certain issues on that appeal. The magistrate judge concluded that Mr. Esquivel "has not raised ineffective assistance of counsel as a substantive ground for relief either in his direct appeal or in post-conviction proceedings." Rec., doc. 10 at 6. The district court adopted the findings and recommendations of the magistrate judge and dismissed the petition without prejudice in order to allow Mr. Esquivel to exhaust his state remedies as to the ineffective assistance of counsel claim.
 
 
 3
 Our review of the record discloses that Mr. Esquivel did in fact raise the ineffective assistance of counsel claim in state court. In his Traverse to Response to Application for Post-Conviction Relief, for example, Mr. Esquivel stated that the "application for Post-Conviction Relief raises question [sic] ... which were not raised at trial court or direct appeal because trial attorney and appeal attorney failed and or refused to bring forth his proposition." Rec., doc. 7, ex. D at 4 (citing Kimmelman v. Morrison, 477 U.S. 365 (1986); Strickland v. Washington, 466 U.S. 668 (1984); Evitts v. Lucey, 469 U.S. 387 (1985)). Moreover, in his Petition-in-Error to the Oklahoma Court of Criminal Appeals, Mr. Esquivel argued that the order denying post-conviction relief constituted "a denial of both due process and equal protection of the law, all as specifically enunciated in Strickland v. Washington, Kimmelman v. Morrison, and Evitts v. Lucey." Rec., doc. 7, ex. E at 6 (citations omitted).
 
 
 4
 The Oklahoma Court of Criminal Appeals denied post-conviction relief, stating "all issues previously ruled upon by this Court are res judicata, and all issues not raised in the direct appeal, which could have been raised, are waived. Moreover, Appellant has failed to provide this Court with sufficient reasons concerning why these grounds for relief were not asserted or were insufficiently raised in prior proceedings." Rec., doc. 7, ex. C at 1.
 
 
 5
 Under our duty to construe Mr. Esquivel's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), we hold that Mr. Esquivel adequately raised in the state proceedings his federal constitutional claim of ineffective assistance of counsel. Mr. Esquivel cited the leading Supreme Court cases which establish and explain this claim. These citations, in conjunction with the statements of Mr. Esquivel that he was denied due process and that his counsel failed to raise certain issues, satisfy the requirement that the federal claim be "fairly presented" to the state court. Picard v. Connor, 404 U.S. 270, 278 (1971); Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir.), cert. denied, 490 U.S. 1112 (1989). Mr. Esquivel has exhausted all available state remedies with respect to his ineffective assistance of counsel claim. Therefore, we grant the certificate of probable cause, reverse the district court's dismissal of the habeas corpus petition, and remand for further proceedings. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3