# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-41247
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUDY GUTIERREZ, also known as Rudolpho Gutierrez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-380-4

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury found Rudy Gutierrez guilty of one count of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and one count of conspiracy to launder money. The court sentenced Gutierrez within the applicable guidelines ranges to 360 months of imprisonment for his drug conspiracy conviction and to a concurrent term of 240 months of imprisonment for his money laundering conspiracy conviction, as well as concurrent terms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release of 10 and three years, respectively. The court deviated below the guidelines range when it imposed a single fine of $3,000 for both counts.

Gutierrez contends that the evidence presented at trial was insufficient to convict him on either conspiracy count. "[A]fter viewing the evidence in the light most favorable to the prosecution," we conclude that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" and affirm accordingly. Jackson v. Virginia, 443 U.S. 307, 319 (1979). With respect to the drug conspiracy, the trial evidence showing extensive and coordinated shipments of illegal drugs through G Trucking proved the existence of an agreement between two or more persons to violate the narcotics laws. Testimony that Gutierrez participated in and even owned some of the shipments established his knowledge of the agreement and his voluntary participation in the conspiracy. See United States v. Gallardo-Trapero, 185 F.3d 307, 317 (5th Cir. 1999). Several witnesses described specific shipments of marijuana that, together, established that the conspiracy as a whole involved more than 1,000 kilograms of marijuana. See 18 U.S.C. §§ 841(b)(1)(A), 846; United States v. Turner, 319 F.3d 716, 722-23 (5th Cir. 2003).

With respect to the money laundering conspiracy under 18 U.S.C. § 1956(a)(1), (h), evidence and testimony regarding the shipments of cash from the sale of drugs, the use of the cash to purchase trucking equipment and to build Gutierrez's brother's house, and the laundering of the drug money through G Trucking's accounts established that there was an agreement between two or more persons to commit money laundering. See United States v. Fuchs, 467 F.3d 889, 906 (5th Cir. 2006). The testimony that Gutierrez coordinated shipments of drugs and money with his brother and sister-in-law, that Gutierrez traded cars, property, and drugs with his brother as payment for coordinated shipments of drugs, and that Gutierrez personally collected drug money established that Gutierrez joined the agreement knowing its purpose and with the intent to further the illegal purpose. See id.

Without citing any law, Gutierrez contends that there was no physical evidence to corroborate the testimony of his co-conspirators, but we have held that "[t]he uncorroborated testimony of an accomplice or co-conspirator will support a conviction, provided that this testimony is not incredible or otherwise insubstantial on its face." United States v. Singer, 970 F.2d 1414, 1419 (5th Cir. 1992) (citations omitted). Gutierrez also argues that the witnesses against him were compromised by their desire to obtain reduced sentences, and he points to inconsistencies between their testimony. However, "in the light most favorable to the jury verdict," United States v. Resio-Trejo, 45 F.3d 907, 910, 910-11 (5th Cir. 1995), the evidence was sufficient.

Gutierrez contends that the testimony of Carlos Martinez was improperly admitted because Martinez was represented by Amador Garcia, the same attorney who initially represented Gutierrez for some 24 days when Gutierrez was arraigned in this case. We review this evidentiary claim, which is distinct from Gutierrez's related claim that his Sixth Amendment rights were violated, for plain error due to Gutierrez's failure to object in the district court. See United States v. Olano, 507 U.S. 725, 731-37 (1993). Martinez's testimony weighed against Gutierrez in that Martinez repeatedly stated that Gutierrez was running drug shipments along with his brother and testified to specific drug quantities. However, other evidence established the same facts, and there is no reasonable probability that the jury would not have found Gutierrez guilty without Martinez's testimony. See United States v. Dominguez Benitez, 542 U.S. 74, 81 (2004).

Gutierrez also challenges the procedural reasonableness of his sentence, arguing that the district court erred when calculating his offense level under the Guidelines. Gutierrez first contends that the district court erred when it increased his base offense level by four levels under U.S.S.G. § 3B1.1(a) on the basis that he was a leader or organizer in the drug and money laundering conspiracies. Several witnesses testified at trial that Gutierrez had supervised

others, personally owned some of the drugs that were shipped, and personally hired Gregory Osewalt to transport a load of drugs. Additional support for the district court's finding appears in the PSR, which reported that Gutierrez hired others to transport drugs and money. Gutierrez did not offer any rebuttal evidence to the PSR before the district court, and although he now complains that he was not able to cross-examine the confidential sources of the information in the PSR, he never sought to do so in the district court. See United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002). The district court's finding that Gutierrez was a leader or organizer was "plausible in light of the record as a whole" and therefore was not clear error. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

Gutierrez also contends that the drug quantity attributed to him by the district court in calculating Gutierrez's guidelines range of imprisonment was erroneous. In adopting the PSR's drug quantity over Gutierrez's objection, the district court held Gutierrez accountable for 2,600.18 kilograms of marijuana, including drugs seized in 2004. Gutierrez did not present any evidence to rebut the PSR in the district court. Gutierrez argues that he should not be held accountable for drug quantities shipped in 2004, which he contends was before he joined the conspiracy. See § 1B1.3, comment. (n.2) ("A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct."). However, while some testimony indicated that Gutierrez was not engaged in drug trafficking at that time, Gutierrez's sister-in-law testified that Gutierrez was involved in the conspiracy at that time. Thus, given Gutierrez's failure to present evidence rebutting the PSR, see Carbajal, 290 F.3d at 287, and in light of the record as a whole, the district court's finding that the shipments of marijuana in 2004 were attributable to Gutierrez was plausible and did not constitute clear error. See Cisneros-Gutierrez, 517 F.3d at 764.

Gutierrez also contends that the drug weights attributed to him on the basis of Carlos Martinez's testimony should have been excluded because Martinez was represented by Gutierrez's former attorney. Because Gutierrez did not object to the drug quantity on this basis in the district court, we review this claim for plain error only. See United States v. Peltier, 505 F.3d 389, 391 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). Gutierrez cannot demonstrate that the testimony of Carlos Martinez, whether tainted or not, affected his substantial rights with respect to this finding of fact because Gutierrez's sister-in-law testified that the drugs at issue here were owned in part by Gutierrez and in part by Gutierrez's brother, and the district court could plausibly have concluded in light of the record as a whole that this shipment was in furtherance of a jointly undertaken criminal activity and was reasonably foreseeable to Gutierrez. See § 1B1.3 comment. (n.2); Cisneros-Gutierrez, 517 F.3d at 764.

Gutierrez also complains that the PSR overstated the amount of money actually attributable to him with respect to the money laundering conspiracy. This claims is frivolous because the drug quantity involved in the underlying offense from which the drugs were derived—not the amount of money attributed to Gutierrez—determined the offense level for the money laundering conspiracy pursuant to U.S.S.G. § 2S1.1(a)(1).

Gutierrez argues that his Sixth Amendment right to the effective assistance of counsel was violated. First, he contends that the attorney appointed by the court to represent him during arraignment in this case, Amador Garcia, violated Gutierrez's Sixth Amendment right to the effective assistance of counsel when, after Garcia was dismissed and new counsel substituted, Garcia went on to represent a Government witness—Carlos Martinez—who testified against Gutierrez at trial. Gutierrez also contends that his trial counsel rendered ineffective assistance by failing to object to Martinez's testimony based on Garcia's representation of Martinez. As a general rule, we

decline to review claims of ineffective assistance of counsel that are raised for the first time on direct appeal. United States v. Miller, 406 F.3d 323, 335-36 (5th Cir. 2005); see also Massaro v. United States, 538 U.S. 500, 503-04 (2003) (stating that a 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel). We have undertaken to resolve claims of inadequate representation on direct appeal only in cases where the record is adequate to allow the court to consider the claim's merits. United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Gutierrez's is not such a case.

AFFIRMED.