# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2011

No. 10-31133
Summary Calendar

Lyle W. Cayce
Clerk

NICOLO E. LOGIUDICE, JR.,

Plaintiff-Appellant

v.

NELSON COLEMAN CORRECTIONAL CENTER; ELAYN HUNT CORRECTIONAL CENTER; ALLEN CORRECTIONAL CENTER,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-3213

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nicolo E. Logiudice, Jr., filed a pro se, in forma pauperis (IFP) 42 U.S.C. § 1983 suit alleging that he received various mistreatments during his incarceration in three different correctional centers. He argues, inter alia, that the district court erred by dismissing his complaint on grounds he had named as defendants only improper institutional defendants when, in his objections to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the magistrate judge's report, he sought to amend his complaint to name various individuals as defendants.

When, as here, a district court dismisses an IFP claim pursuant to 28 U.S.C. § 1915(e)(2)(B) both as frivolous and for failure to state a claim upon which relief may be granted, we conduct a de novo review using the same standard of review applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). This court reviews the denial of a motion for leave to amend for abuse of discretion. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

Because Logiudice's objections to the magistrate judge's report, taken together with his initial complaint, clearly advised the district court that he sought to amend his complaint to name several individuals as defendants, the district court abused its discretion by denying Logiudice the opportunity to amend. *See Riascos*, 76 F.3d at 94-95. Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion. In so doing, we express no opinion as to the ultimate merit of Logiudice's claims.