PER CURIAM: *
The pro se petitioner in this habeas case, Rudolpho “Rudy” Gutierrez, was convicted by a jury of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering in violation of 18 U.S.C. § 1956(a)(1) and (h). He was sentenced to concurrent 360- and 240-month terms of imprisonment, and two concurrent ten-year terms of supervised release.
This appeal concerns Gutierrez’s argument that he received ineffective assistance of counsel due to his pre-trial counsel’s conflict of interest.[1] On December 11, 2006, Amador Garcia was appointed to represent Gutierrez during his arraignment. On January 4, 2007, Gutierrez obtained new counsel and Garcia withdrew. On May 18, 2007, Garcia was appointed to represent Carlos Martinez, a co-conspirator who had previously pleaded guilty and who testified at trial against Gutierrez in the hope of obtaining a shorter sentence. A previous panel of this court affirmed Gutierrez’s convictions on direct appeal, including holding that there was no plain error in the admission of Martinez’s testimony because “other evidence established the same facts” as those testified to by Martinez, “and there is no reasonable probability that the jury would not have found Gutierrez guilty without Martinez’s testimony.” United States v. Gutierrez, 292 Fed.Appx. 412, 415-16 (5th Cir.2008). That panel, however, expressly reserved the issue of Gutierrez’s ineffective assistance of counsel claims. See id. at 417.
Gutierrez subsequently filed a motion for habeas relief pursuant to 28 U.S.C. § 2255. In his petition, Gutierrez argued, inter alia, that his trial counsel was ineffective for failing to object to Martinez’s testimony on the ground that Martinez was represented by Garcia, a court-appointed attorney who had earlier represented Gutierrez during the same proceeding. Before the government filed an answer, Gutierrez filed an addendum to his § 2255 motion, raising additional constitutional and sentencing issues. See Fed.R.Civ.P. 15(a) (allowing amendment of a pleading once as a matter of course in such circumstances). After the district court had granted the government’s motion for an extension of time in which to *183 file a response to the petition, Gutierrez filed an opposition to the motion. Attached to the opposition notice was a memorandum of law in support of his § 2255 motion in which Gutierrez argued for the first time that he was denied effective assistance of counsel by Garcia due to Garcia’s subsequent representation of Martinez. The district court ultimately rejected all of Gutierrez’s claims and dismissed his § 2255 motion with prejudice. With regard to the issue of the ineffectiveness of Garcia’s representation, the district court stated only that:
In the Court’s order to the government to respond to Movant’s § 2255 petition, the Court noted that “... the United States should also provide an affidavit from Amador Garcia addressing the claim that Garcia’s successive representation of Gutierrez and then a government witness at trial, Carlos Martinez, violated [Gutierrez’s] Sixth Amendment rights.” The government acknowledges that it mistakenly overlooked this instruction, but respectfully argues that the Court need not hear from Mr. Garcia because Movant cannot establish prejudice. In his reply to the government’s response, Movant does not argue that an affidavit would assist him in establishing prejudice nor request that the affidavit be ordered. The Court finds that, because Movant cannot establish prejudice, an affidavit is not necessary on this issue.
Gutierrez appealed. This court granted Gutierrez a certificate of appealability (COA) with respect to:
(1) whether this court should take cognizance of the unraised issue of whether the district court abused its discretion by implicitly denying leave to amend the § 2255 motion to add a claim contained in Gutierrez’s “Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence,” which was dated April 7, 2010, and file stamped April 13, 2010, that his court-appointed attorney’s subsequent representation of a government witness constituted a violation of his right to effective assistance of counsel and (2) if this court takes cognizance of the unraised issue, whether it has merit. See § 2253(c).
We review the district court’s implicit denial of leave to amend the § 2255 motion to add the claim that Garcia provided ineffective assistance of counsel for an abuse of discretion. See United States v. Riascos, 76 F.3d 93, 94 (5th Cir.1996). Gutierrez’s amended claim was timely filed under § 2255(f) as it “relates back” to Gutierrez’s claim that his trial counsel was ineffective for failing to object to Garcia’s subsequent representation of the witness, because both claims arise from the same “common core of operative facts.” See Mayle v. Felix, 545 U.S. 644, 664 & n. 7, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005); Fed.R.Civ.P. 15(c)(1)(B). Nothing in the record indicates that Gutierrez acted in bad faith or that the government would be prejudiced by the amendment. See Wright v. Allstate Ins. Co., 415 F.3d 384, 391 (5th Cir.2005). Nor was it readily apparent that Gutierrez’s amended claim would have been futile on its merits. See id. Accordingly, the district court abused its discretion by implicitly denying Gutierrez leave to amend his § 2255 motion. See Riascos, 76 F.3d at 94.
However, on the facts before us, we conclude that Gutierrez’s ineffective assistance of counsel claim fails on the merits. On appeal, as in the district court, Gutierrez argues that he received ineffective assistance of counsel because Garcia worked under a conflict of interest, and that the prejudice resulting from the conflicted representation should be presumed. See, e.g., Cuyler v. Sullivan, 446 U.S. 335, 350, 100 *184 S.Ct. 1708, 64 L.Ed.2d 333 (1980). We have held that “even in the absence of a showing of prejudice,” a defendant is deprived of the constitutional right to effective assistance of counsel “when his attorney operates under an actual conflict of interest.” United States v. Alvarez, 580 F.2d 1251, 1260 (5th Cir.1978). “An ‘actual conflict,’ for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel’s performance.” United States v. Infante, 404 F.3d 376, 392 (5th Cir.2005) (quoting Mickens v. Taylor, 535 U.S. 162, 172 n. 5, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002)). “An adverse effect on counsel’s performance may be shown with evidence that counsel’s judgment was actually fettered by concern over the effect of certain trial decisions on other clients.” Perillo v. Johnson, 205 F.3d 775, 807 (5th Cir.2000) (internal quotation marks omitted); see also Infante, 404 F.3d at 392-93 (citing cases finding a conflict where attorney was required to cross-examine his own current or former client). Gutierrez does not explain how Garcia’s subsequent representation of Martinez adversely affected the manner in which Garcia represented Gutierrez, given that Garcia’s representation of Gutierrez had unquestionably terminated by the time Garcia represented Martinez. Though he summarily states that he “held nothing back” from Garcia, Gutierrez does not describe the scope of Garcia’s representation of him, the amount he discussed his case with Garcia, the extent of the confidential information he disclosed to Garcia, or any actions that Garcia took on his behalf during the representation. Nor does Gutierrez explain how any of the information he gave Garcia could have bolstered Martinez’s plea bargaining position. Moreover, though he speculatively states that trial counsel was hindered in engaging in possible plea negotiations and developing possible defense and trial strategies due to Garcia’s conflict, Gutierrez does not show that Garcia’s alleged conflict of interest actually adversely affected trial counsel’s representation of him. Accordingly, on these facts, Gutierrez has not shown a violation of his Sixth Amendment right to the effective assistance of counsel.[2]
The judgment of the district court is AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Gutierrez’s motion for leave to file a supplemental reply brief is GRANTED.

. By so holding, we do not approve the actions of attorney Garcia, who represented different co-conspirators at different points in the same proceeding, or the actions of the district court, who appointed Garcia to represent different co-conspirators in that proceeding.