# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-20859

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

HERNAN TREVINO,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-956

Before JOLLY, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellant Hernan Trevino pleaded guilty to aiding and abetting the possession with intent to distribute cocaine, and was sentenced to 188 months incarceration and a five-year term of supervised release. Trevino appeals the district court's order dismissing his 28 U.S.C. § 2255 motion. We REVERSE and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20859

## I

## A

On August 6, 2009, Hernan Trevino's co-defendant contacted a Drug Enforcement Agency confidential informant ("CI") to advise him that the 15 kilograms of cocaine that the CI wanted to buy was available for inspection. The CI, accompanied by an undercover police officer, went with Trevino's two co-defendants to a house in Houston, Texas. At the house, Trevino told the CI that the cocaine would arrive at the house in 30 minutes. When the cocaine arrived, the CI signaled its arrival to surveillance units. On entering the house, the police found 15.6 kilograms of cocaine resting in plain view on the kitchen table.

On September 2, 2009, a grand jury indicted Trevino with (i) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and 846, and (ii) aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii), and 18 U.S.C. § 2. Soon thereafter, Trevino, represented by counsel, entered into a written plea agreement with the Government.

On November 17, 2009, Trevino pleaded guilty pursuant to the plea agreement. In the course of the Rule 11 plea colloquy, the district court explained to Trevino (i) the charges against him, (ii) his right to plead not guilty, (iii) his right to a jury trial, and (iv) that he was waiving his trial rights by pleading guilty. Additionally, the district court explained the sentencing process to Trevino, including the applicable sentencing guidelines, and informed Trevino of the statutory minimum and maximum terms of incarceration, as well as the mandatory minimum five-year term of supervised release. Finally, the district court explained to Trevino that the plea agreement included an appeal waiver and by entering into the plea agreement,

No. 11-20859

Trevino would be waiving his rights to appeal his sentence. Under oath, Trevino stated (i) that he intended to waive his trial rights, (ii) that he had read and understood the plea agreement, (iii) that he was entering into the plea agreement freely and voluntarily, and (iv) that he understood that he was waiving his appeal rights. Additionally, Trevino explained that no one had made any promises to him, other than the terms of the plea agreement, to get him to plead guilty and he explained that no one had threatened, forced, or coerced him into pleading guilty. The district court then accepted the guilty plea and plea agreement, finding that there was a factual basis for the guilty plea and that Trevino voluntarily and knowingly entered his plea of guilty.

On March 4, 2010, the district court sentenced Trevino to 188 months incarceration, to be followed by a five-year term of supervised release. The final judgment was entered on March 9, 2010.

## B

On March 9, 2011, Trevino filed the timely pro se 28 U.S.C. § 2255 motion at issue. In his motion, Trevino alleges that he was denied the effective assistance of counsel because his attorney was paid by the boss of Trevino's drug cartel and thus suffered a conflict of interest. Additionally, Trevino alleges that his attorney failed to discuss the benefits of cooperation with the Government, failed to investigate the case, failed to conduct witness interviews, failed to review discovery, failed to prepare for trial, failed to consult Trevino about appealing, and failed to represent him "effectively at every critical stage of these proceedings."[1] Trevino stated that he intended to submit a "memorandum of law and fact" once he obtained a copy of his complete file from his attorney. At the same time, Trevino filed a motion requesting that

---

[1] R. 90.

the district court order Santana to produce Trevino's case file. The district court denied the motion.

The Government moved for summary judgment, arguing that Trevino's claims were barred by the appeal waiver in his plea agreement, which included a waiver of the right to file a § 2255 motion. Additionally, the Government argued that Trevino's claims were meritless, and submitted an affidavit from Trevino's prior attorney, denying Trevino's allegations of ineffective assistance.

Following two extensions, Trevino filed a response, making new factual and legal allegations in response to the Government's motion. Among these new allegations was the assertion that Trevino's guilty plea and appellate waiver were not knowing and voluntary because of ineffective assistance of counsel. Included with this response was an affidavit, explaining the same. In particular, Trevino alleged that his attorney pressured him into pleading guilty, failed to explain the terms of the plea agreement—including the appeal waiver—and promised Trevino that he would be sentenced to 10 years or less.

On October 31, 2011, the district court denied Trevino's § 2255 motion. The district court held that Trevino's guilty plea and appeal waiver were knowing and voluntary. The district court explained that Trevino's allegations of ineffective assistance of counsel did not "go to the knowing or voluntariness of the Plea Agreement."[2] Further, the district court explained that "Petitioner offer[ed] no evidence to substantiate a finding that he entered into the Plea Agreement involuntarily and unknowingly."[3] The district court neither

---

[2] R. 303.

[3] *Id.*

addressed nor acknowledged Trevino's legal or factual allegations in his response and second affidavit.

Trevino filed a timely notice of appeal. The district court denied a Certificate of Appealability ("COA"). We granted a COA on three issues: (i) whether the district court erred in denying the § 2255 motion without considering the arguments raised in Trevino's response to the Government's motion for summary judgment and his factual allegations in his second affidavit; (ii) whether the district court erred in denying Trevino's claims without an evidentiary hearing; and, (iii) whether the district court erred in denying Trevino's motion seeking an order to compel the production of his attorney's case file.

## II

At the threshold, the Government argues that Trevino has abandoned the first and third issues by failing to address adequately these issues on appeal. Trevino responds by arguing that he did address the issues and, in any event, the three issues are intertwined. We agree. "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."[4] As to the first issue, Trevino has made some independent argument, and importantly, it is in large part subsumed by the second issue. Similarly, as to the third issue, Trevino has argued that the district court erred by failing to order that his case file be turned over and that defense should be ordered to produce the entire case file. Accordingly, we find that Trevino has not abandoned the first and third issues.

We turn to whether the district court erred in denying the § 2255 motion without addressing the arguments raised in Trevino's reply. Section 2255

---

[4] *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

proceedings are governed by the Federal Rules of Civil and Criminal Procedure to the extent that these rules are not inconsistent with any statutory provision or any rule of the Rules Governing Section 2254 and 2255 Cases.[5] Accordingly, § 2255 motions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."[6] Rule 15 of the Federal Rules of Civil Procedure provides that if a pleading requires a responsive pleading, "a party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading[.]"[7] Where the 21 days expired prior to the amendment of the pleading, "a party may amend its pleading once with the opposing party's consent or the court's leave."[8]

When a pro se litigant raises, for the first time, a new issue in a reply to a responsive pleading, the district court may construe such a claim "as a motion to amend [his § 2255 motion.]"[9] In *Riasco*, we explained that the plaintiff's "pleadings, taken together, clearly advised the district court that he had been denied effective assistance of counsel to appeal."[10] We held that to "penalize [the plaintiff] for less-than-perfect pleading is a clear violation of the rule that

---

[5] *See* Rule 12, Rules Governing Section 2254 and 2255 Cases; *see also United States v. Saenz*, 282 F.3d 354, 359 (5th Cir. 2002) ("Rule 12 . . . authorizes district courts to apply the Federal Rules of Civil Procedure when appropriate and not inconsistent with applicable statutes or rules.").

[6] 28 U.S.C. § 2242.

[7] Fed.R.Civ.P. 15(a)(1)(B).

[8] Fed.R.Civ.P. 15(a)(2).

[9] *United States v. Riasco*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam) (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1252 (5th Cir. 1972)); *see also Johnson v. Epps*, 479 F.App'x 583, 588 (5th Cir. 2012) ("[O]ur precedents counsel that the district court should have considered [pro se plaintiff's] 'response' to the Omnibus Order, his memorandum opposing summary judgment, and his objection to the Report and Recommendation as motions to amend his complaint to clarify the allegations made against [defendant].").

[10] 76 F.3d at 94.

courts must liberally construe pro se pleadings."[11]  Accordingly, Trevino's reply in which he raised the issue that ineffective assistance of counsel rendered his plea agreement invalid is properly considered as a motion to amend.  By not addressing the claims Trevino raised for the first time in his response, the district court implicitly denied this motion to amend.[12]

We review the denial of a motion to amend for abuse of discretion.[13]  In deciding "whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment."[14]  Although in *United States v. Cervantes* we held that the district court did not abuse its discretion in refusing to consider affidavits submitted by the petitioner after the Government had already filed a responsive pleading,[15] "this court has stated that leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice,

---

[11] *Id.*

[12] *See Place v. Thomas*, 61 F.App'x 120, \*1 (5th Cir. 2003) (per curiam) ("The district court, which did not address the claims [plaintiff] raised for the first time in his objections to the magistrate's report, effectively denied [plaintiff's] motion to amend his complaint to include these claims.").

[13] *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998); *see also United States v. Gutierrez*, --- F.App'x ---, 2013 WL 6354146 at \*2 (5th Cir. 2013) (per curiam) ("We review the district court's implicit denial of leave to amend the § 2255 motion to add the claim that [his attorney] provided ineffective assistance of counsel for an abuse of discretion."); *Place*, 61 F.App'x at \*1 ("We therefore review the court's failure to allow such an amendment for abuse of discretion.").

[14] *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

[15] *Id.*

or amendment would be futile."[16]  Put simply, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[17]

Here, the factors weigh in favor of granting a motion to amend.  Although there was some delay in Trevino filing his reply, it was not an undue delay.  Moreover, this is Trevino's first amendment and there is no indication that these new claims are made in bad faith or as a dilatory tactic.  And there is no indication that the Government would suffer any prejudice by permitting amendment.  Finally, his new claims are not barred by § 2255's one year statute of limitations, because his claims arise out of the same conduct, transactions, and occurrences pleaded in his original motion.[18]  Accordingly, we hold that the district court abused its discretion by not permitting Trevino to amend his § 2255 motion.

---

[16] *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009); *Gutierrez*, 2013 WL 6354146 at *2 ("Nothing in the record indicates that Gutierrez acted in bad faith or that the government would be prejudiced by the amendment.  Nor was it apparent that Gutierrez's amended claim would have been futile on the merits.  Accordingly the district court abused its discretion by implicitly denying Gutierrez leave to amend his § 2255 motion.") (citations omitted); *Logiudice v. Nelson Coleman Correctional Center*, 425 F.App'x 413, 413 (5th Cir. 2011) ("Because [pro se plaintiff's] objections to the magistrate judge's report, taken together with his initial complaint, clearly advise the district court that he sought to amend his complaint to name several individuals as defendants, the district court abused its discretion by denying [plaintiff] the opportunity to amend."); *Hall v. Cain*, 201 F.App'x 993 (5th Cir. 2006) ("We have previously held that it can be an abuse of discretion for a district court to fail to liberally construe pro se filings as motions to amend the initial complaint."); *Riascos*, 76 F.3d at 94–95 ("we conclude that the district court's failure to construe Riascos' 'traverse' as a motion to amend was an abuse of discretion").

[17] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

[18] *See* Fed.R.Civ.P. 15(c)(1)(B) ("[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading").

No. 11-20859

## III

We review a district court's denial of an evidentiary hearing for abuse of discretion.[19]  Trevino argues that the district court abused its discretion in denying his § 2255 motion without an evidentiary hearing.  In essence, Trevino argues that an issue of fact exists as to whether his guilty plea was involuntary as a result of ineffective assistance of counsel.

The Government disagrees, arguing that Trevino has failed to show that his guilty plea was involuntary, and that the plea agreement's appeal waiver would be unenforceable only if Trevino demonstrates that his defense counsel's ineffectiveness rendered his guilty plea involuntary.

In granting the Government's motion to dismiss, the district court explained:

> Petitioner's affidavit alleges only that his attorney has denied Petitioner access to his complete file after sentencing.  Petitioner does not aver in his affidavit that his attorney's actions while representing him caused him to unknowingly or involuntarily agree to the § 2255 waiver in his Plea Agreement.[20]

Thus, the district court's decision to enforce the Plea Agreement's appeal waiver was based in large part on its denial of Trevino's implicit motion to amend his § 2255 complaint.  Because we now hold that the district court abused its discretion by not granting Trevino's implied motion to amend his pleadings, the district court should have the opportunity in the first instance to determine whether, in light of the additional factual and legal allegations in Trevino's response to the Government's motion to dismiss, Trevino's attorney's

---

[19] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *Cervantes*, 132 F.3d at 1110).

[20] R. 303.

No. 11-20859

actions caused him to unknowingly agree to the appeal waiver in his Plea Agreement.

**IV**

Finally, Trevino argues that the district court erred by not directing his attorney to provide a complete copy of the case file to him. Trevino acknowledges that he received a copy of all the district court documents in this case, but he claims to have never received his case filing containing materials such as his attorney's notes, research, memoranda, and contracts for professional services. The Government argues that Trevino in fact received a copy of his file from his attorney, and accordingly, there was no need for a production order from the district court.

A § 2255 movant "may invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."[21] Thus, the district court "must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief[.]"[22] Yet, conclusory allegations alone do not warrant discovery; instead, "the petitioner must set forth specific allegations of fact."[23]

Here, the district court denied Trevino's motions prior to Trevino filing his response and second affidavit that contained his specific legal and factual allegations that ineffective assistance of counsel rendered his plea agreement

---

[21] *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997) (internal quotation marks omitted)).

[22] *Id.* at 801–02 (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).

[23] *Id.* at 802.

unknowing or involuntary.  Thus, when the district court denied the motion for discovery, Trevino had not set forth "specific allegations of fact." Accordingly, we cannot say that the district court abused its discretion by denying Trevino's motion to compel production of the complete case file.

## V

We REVERSE and REMAND for further proceedings consistent with this opinion.