# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 23, 2021

Lyle W. Cayce
Clerk

No. 19-40486

United States of America,

*Plaintiff—Appellee*,

*versus*

Alberto Alaniz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CV-162

Before Haynes, Graves, and Willett, *Circuit Judges*.
Haynes, *Circuit Judge*:

Alberto Alaniz was convicted of drug and money laundering offenses and sentenced to over twenty years in prison. He did not file a direct appeal. In subsequent filings under 28 U.S.C. § 2255, he asserted the reason for no appeal was his counsel's failure to file despite being asked to do so at sentencing. Later, Alaniz separately claimed that his counsel also failed to advise him of his appellate rights and failed to consult with him about the virtues of an appeal over the course of his counsel's representation. The district court concluded that his failure-to-advise and failure-to-consult claims did not relate back to his failure-to-file claim and were, as a result,

No. 19-40486

untimely.  We granted a certificate of appealability ("COA") on the issue. Because we likewise conclude that the claims relate to a different core of operative facts, we now AFFIRM.

## I.    Background

In 2013, Alaniz pleaded guilty to conspiring to possess with intent to distribute 1000 kilograms or more of marijuana and to conspiring to commit money laundering.  He was ultimately sentenced to concurrent sentences totaling more than twenty years on those charges.  At sentencing, the district court advised Alaniz that he had the right to appeal, that he had two weeks to do so, and that he could ask for a waiver of the costs of an appeal.  No appeal was filed.

Approximately a year later, Alaniz timely filed a pro se § 2255 motion to set aside his sentence.  He asserted numerous ineffective assistance claims, including, as relevant here, a claim that his counsel had been ineffective for failing to file an appeal.[1]  Although Alaniz's filings also cited some legal authority about an attorney's duty to advise a defendant about his appellate rights and to consult with the defendant about those rights, Alaniz's factual allegations on the subject focused entirely on his counsel's alleged failure to file the appeal on his behalf even though, according to Alaniz, he specifically asked his counsel to do so during sentencing.

After appointing him counsel, the district court ordered an evidentiary hearing to address his failure-to-file claim.  Some of the testimony at the hearing related to the alleged failure to file an appeal.  Specifically, Alaniz testified that he had whispered to one of his attorneys at sentencing that he

---

[1] Alaniz later filed what he labeled as a "supplemental" § 2255 motion that similarly reiterated his claim that his counsel failed to file an appeal after he "specifically requested" it.

wished to appeal. But much of the testimony related to new factual allegations, including his attorneys' alleged failures over the entire course of their representation to advise Alaniz of his appellate rights and to consult with him concerning the merits of appealing.

Following the hearing, Alaniz submitted a post-hearing memorandum. In that memorandum (unlike in his original filings), Alaniz subdivided his ineffective assistance claim as to the appeal into three parts, claiming that: (1) his attorneys failed to advise Alaniz of all of his appellate rights, including his right to appointed counsel on appeal; (2) one of his attorneys failed to file an appeal after Alaniz asked him to; and, (3) his attorneys failed to consult with Alaniz regarding an appeal.

The district court first dismissed Alaniz's failure-to-file claim because Alaniz had not testified credibly as to his alleged request at sentencing; accordingly, the district court ruled that his attorney never received "specific instructions" from Alaniz about filing an appeal. (This factual determination is not at issue here.) The district court then identified that Alaniz's failure-to-advise and failure-to-consult claims had been raised for the first time in Alaniz's post-hearing memorandum such that they were effectively attempts to amend the original § 2255 filings to add new claims. *See United States v. Gonzalez*, 592 F.3d 675, 678–79 (5th Cir. 2009) (per curiam) (noting that an argument not originally raised in a § 2255 motion may be raised if the district court grants leave to amend). Concluding that those claims did not relate back to the original filings because they differed in both time and type from the timely failure-to-file claim and that, as a consequence, they were untimely (having been raised more than a year after the relevant date), the district court denied Alaniz leave to amend to raise the claims. *See* 28 U.S.C. § 2255(f)(1). Accordingly, the district court denied the § 2255 motion and dismissed the case. It also denied a COA on all claims.

Alaniz timely appealed, moving for a COA from our court on the grounds that that he believed reasonable jurists could debate two issues: the first, whether his original § 2255 filings encompass failure-to-advise and failure-to-consult claims; and the second, whether those claims relate back to his original § 2255 motion such that they are not time-barred. We granted Alaniz a COA as to the second issue only, specifically concluding that the first issue did not warrant further review because reasonable jurists could not debate whether Alaniz's original filings themselves contained the claims.

## II.     Jurisdiction & Standard of Review

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the district court's final judgment under 28 U.S.C. §§ 1291 and 2253. Our scope of review is, however, limited to the single issue on which we granted the COA; we lack jurisdiction to consider anything else. *Buck v. Davis*, 137 S. Ct. 759, 774 (2017); *United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009) (per curiam).

As a practical matter, the specific COA issue concerns whether the district court appropriately denied Alaniz the ability to amend his claims on the grounds that the newly raised claims were untimely. In general, we review a district court's denial of leave to amend for abuse of discretion, examining any particular legal conclusions that the district court relied on to reach that result de novo. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010); *see also In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015) ("A decision premised on an error of law constitutes an abuse of discretion."). Although the parties dispute whether the district court's relation-back conclusion should be subject to review under abuse-of-

discretion or as a de novo legal conclusion,[2] we need not resolve that question in this case. Alaniz's claims do not relate back under either standard of review.

## III.    Discussion

Given the limited COA in this case, there is one and only one question for us to resolve: whether the district court erred in concluding that Alaniz's otherwise untimely failure-to-advise and failure-to-consult claims relate back to his timely failure-to-file claim. We conclude that they do not.

The question arises because § 2255 claims are generally subject to a one-year limitations period. 28 U.S.C. § 2255(f). But a newly asserted claim can avoid a limitations dismissal if it "relates back" to a timely claim by, as relevant here, "ar[ising] out of" the same conduct "set out—or attempted

---

[2] While not addressing this precise issue (whether the specific part of the analysis we are addressing is a legal conclusion, which would warrant de novo review, rather than a factual one) before, our cases tend to apply the abuse of discretion standard. *See In re Deepwater Horizon*, 785 F.3d at 999; *cf. Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1565–66 (5th Cir. 1985) (merely concluding that "[t]he district court did not abuse its discretion in holding that the amended complaint failed to relate back"); *United States v. Gutierrez*, 548 F. App'x 181, 183 (5th Cir. 2013) (per curiam) (merely concluding that the district court abused its discretion in implicitly denying a motion for leave to amend because the newly asserted claims related back). That said, we recognize that eleven of our twelve sister circuits apply de novo review to relation-back questions. *Young v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002); *ASARCO LLC v. Goodwin*, 756 F.3d 191, 202 (2d Cir. 2014); *Hodge v. United States*, 554 F.3d 372, 377 (3d Cir. 2009); *Robinson v. Clipse*, 602 F.3d 605, 607 (4th Cir. 2010); *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 247 (6th Cir. 2000); *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996); *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 579 (8th Cir. 2017); *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014); *United States v. Roe*, 913 F.3d 1285, 1298 (10th Cir. 2019); *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 878 (D.C. Cir. 2010) (per curiam); *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1367 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 849 (2020). *But see Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 962 n.4 (11th Cir. 2001). Accordingly, to the extent it is an open question, we do not resolve it here, because Alaniz does not prevail even under the least deferential standard of de novo review.

to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002).

To answer the question, we look for commonalities between the facts underlying the different claims. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Newly asserted claims relate back if they are premised on the same or similar allegations as those in the original filing. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 102 (5th Cir. 1995). But if the newly asserted claims require factual support that "differ[s] in both time and type" from that required by the timely claim, the new claims do not relate back, such that they are subject to the relevant limitations period on the date asserted. *Felix*, 545 U.S. at 650. So, as relevant here, newly asserted ineffective assistance claims do not "automatically relate back" to earlier iterations of such claims, *Gonzalez*, 592 F.3d at 679—only claims "tied to a common core of operative facts" avoid the limitations bar, *Felix*, 545 U.S. at 664.

Our court has not had many occasions to address the relation-back doctrine in connection with § 2255 ineffective assistance of counsel claims. The parties, for their part, identify only two cases in which we have done so—*Gonzalez*, 592 F.3d at 675, and *United States v. Gutierrez*, 548 F. App'x 181 (5th Cir. 2013) (per curiam)—but neither is squarely on point. In *Gonzalez*, we rejected relation-back arguments where a defendant tried to add a new failure-to-file claim to pre-existing pre-trial- and sentencing-related claims because the new claim involved "entirely distinct type[s] of attorney misfeasance" at a different phase of the proceedings. 592 F.3d at 680. By contrast, in the unpublished *Gutierrez*, we concluded that an allegation that a defendant's pre-trial counsel was ineffective by subsequently representing an adverse witness in the defendant's trial related back to a claim that the defendant's trial counsel was ineffective for failing to object to the adverse witness's testimony on the basis of the pre-trial counsel's previous representation of the defendant. 548 F. App'x at 182–83. Neither case

addresses the factual circumstances presented by this case, in which we are presented with multiple appellate-rights-related claims that nonetheless take aim at different aspects of counsel's representation.

We find persuasive the approach recently taken by the Tenth Circuit in *United States v. Roe*, which involved a fact pattern on all fours with the one we face here. 913 F.3d 1285, 1298–300 (10th Cir. 2019). In particular, the defendant in *Roe* had, like Alaniz, sought to add a failure-to-consult claim to a previously asserted failure-to-file claim that "depend[ed] entirely" on an assertion that he had "specifically instructed" his counsel to appeal. *Id.* at 1299. The Tenth Circuit reasoned that, unlike the failure-to-file claim (which focused on whether the defendant "request[ed] that trial counsel file a notice of appeal"), the failure-to-consult claim took issue with counsel's broader failure—over "the entire course" of the representation—to identify that the defendant would be interested in an appeal. *Id.* at 1299–300. Since that inquiry involved facts different in both time (the specific request to appeal versus the entirety of the representation) and type (a discrete discussion versus a general sense of the defendant's desire to appeal) from the failure-to-file claim, the Tenth Circuit had "no difficulty" in concluding that the failure-to-consult claim did not relate back. *Id.* at 1300.

We agree with that conclusion; for essentially the same reasons, Alaniz's newly raised claims do not arise out of the same set of facts as his earlier failure-to-file claim. As in *Roe*, Alaniz's failure-to-file claim is limited in time and fact to one specific event: the entire claim turns on whether one of his attorneys heard and then failed to follow Alaniz's alleged whisper at the sentencing hearing.[3] By contrast, his failure-to-advise and failure-to-

---

[3] The dissenting opinion states that *Roe* is distinguishable because, it asserts, there are other facts beyond the sentencing whisper supporting Alaniz's failure-to-file claim: specifically, the testimony of Alaniz's daughter about discussions she had with Alaniz's

consult claims, like the later claim in *Roe*, turn on his attorneys' conduct during numerous meetings *before* and *after* sentencing. Simply put, Alaniz asserts that his attorneys should have discerned from his concerns about his sentencing enhancements or his interest in working with another attorney that he would want to appeal and needed advice concerning the merits of doing so. Those events are both temporally and factually distinct from his alleged statement at sentencing. Indeed, as the district court reasoned, those newly alleged events are at least partially inconsistent with Alaniz's earlier allegations—his alleged statement at sentencing that he wanted to file an appeal conveys both an awareness of appellate rights and a desire to appeal that conflicts with his later claims that he lacked such perspectives. Given these differences, Alaniz's newly raised claims do not arise out of the same common core of operative facts as his original failure-to-file claim.

Alaniz's arguments to the contrary are unavailing. For one, the cases he cites—our decisions in *Gutierrez* and *McClellon* and the Third Circuit's decision in *Hodge v. United States*, 554 F.3d 372 (3d Cir. 2009)—are all distinguishable because they involve newly raised claims intimately related to the same facts underlying the initial claims. As discussed above, both of the claims in *Gutierrez* concerned the same underlying event: the pre-trial counsel's subsequent representation of the adverse witness. 548 F. App'x at 183. *McClellon* is distinguishable for similar reasons; the plaintiff there added a claim that she should have been allowed to work part-time to her initial claim that generally alleged that she was denied the opportunity to return to work. 66 F.3d at 102–03. So, too, with *Hodge* from the Third Circuit; in that

---

attorneys. But none of the daughter's alleged discussions with the attorneys involved her directing them to *file* an appeal—they all related to whether Alaniz *could* appeal certain adverse sentencing enhancements. Those discussions therefore cannot constitute part of the core of operative facts underlying Alaniz's failure-to-file claim.

case, the defendant's new allegations that his counsel was ineffective for failing to file an appeal were connected to his claim that his counsel had failed to inform him of the appeal deadline. 554 F.3d at 376–78. Unlike those cases, no single factual nexus exists here to connect Alaniz's claims—Alaniz is not, for example, advancing new legal theories premised on the alleged whisper, he is asserting new theories based on *different* facts. Thus, the alleged failure to carry out Alaniz's filing instructions is not core to the failure to advise Alaniz about his appellate rights or consult with him on the likelihood of success on appeal.

Alaniz also argues that, because his original pro se filings invoked legal standards on failure-to-advise and failure-to-consult claims, they contain sufficient allegations that his counsel did not adequately advise or consult him about an appeal. But that is in many ways just an argument that his original § 2255 materials should be read to encompass failure-to-advise and failure-to-consult claims on their face—an issue which we cannot address because Alaniz was denied a COA on the subject. *Daniels*, 588 F.3d at 836 n.1. Thus, liberally construing Alaniz's motion does not expand the inquiry here because the possible claims based upon his original filings has already been limited to one: his failure-to-file claim. We lack jurisdiction to conclude that he claimed anything more than that.

Moreover, Alaniz's suggestion that his citation to legal standards is enough to anchor a relation-back question misunderstands the relevant inquiry; a newly asserted claim must share "operative facts" with the earlier claim, not merely with statements in the original materials. *Felix*, 545 U.S. at 664. Simply mentioning standards is insufficient; rather, "it is the relationship of the facts to the claim asserted that is important," particularly in the habeas context. *Id.* at 655 (internal quotation marks and citation omitted). Thus, the original filings must lay out factual allegations—not just cite cases with legal concepts—that support both the original and the newly-

asserted claims.[4]  *Id.*; *cf. Smith v. U.S. Dist. Ct. for S. Dist. of Ill.*, 956 F.2d 647, 649 & n.2 (7th Cir. 1992) (noting that an original filing contained a claim because it contained some factual allegations in addition to legal authority on the subject); *Esquivel v. Cowley*, No. 92–6188, 1993 WL 118852, at *1 (10th Cir. 1993) (same); *Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 692 (11th Cir. 2018) (per curiam) (same).  Since, as we have discussed, Alaniz's failure-to-file claim is localized to his allegations concerning a specific conversation he had with one of his attorneys, we cannot say that his reference to other legal standards suffices to anchor his subsequently asserted claims.

## IV.    Conclusion

Because Alaniz's untimely failure-to-advise and failure-to-consult claims do not relate back to his original failure-to-file claim, the district court properly denied him leave to amend to add those claims.  Accordingly, we AFFIRM.

---

[4] For similar reasons, it is irrelevant that, before the district court, the Government apparently thought Alaniz's original filings might contain a failure-to-consult claim—the question on appeal is solely whether the claims arose out of the same common core of operative fact.

No. 19-40486

JAMES E. GRAVES, JR., *Circuit Judge*, dissenting:

Because I would conclude that Alberto Alaniz's failure-to-advise and failure-to-consult claims relate back to his failure-to-file claim, I would reverse and remand. Thus, I respectfully dissent.[1]

The claims here are clearly tied to a common core of operative facts. Alaniz's failure-to-file claim is not limited in time and fact to only the specific event of whether counsel heard him say he wanted to appeal. Even if Alaniz never told him that he wanted to appeal, counsel had the obligation to advise Alaniz of his rights and discuss whether he wanted to appeal. Had the attorney fulfilled his obligations as counsel, it would not have mattered whether he heard Alaniz. Also, not only does Alaniz maintain that he told him, but Alaniz's daughter, Alyanette, raised it multiple times and counsel was aware that their objections at sentencing were overruled.

The majority relies on the approach taken in *United States v. Roe*, 913 F.3d 1285, 1298-99 (10th Cir. 2019). In *Roe*, the district court concluded that Roe's failure-to-consult claim was an untimely new claim that did not relate back to the failure-to-file claim. Alternatively, the court also concluded that the failure-to-consult claim failed on the merits. Roe argued that he asked counsel to file a notice of appeal on the day he was sentenced. However, counsel disputed that claim and said that either Roe or a member of Roe's family had asked about filing a notice of appeal only several months after sentencing and well after the time for filing an appeal. *Id.* at 1290. Additionally, the Tenth Circuit said that, in his briefing, Roe relied on "an entirely different set of facts that span a time frame over the entire course of

---

[1] As an initial matter, based on the overwhelming authority of our sister circuits, as set out by the majority, I would conclude that de novo review applies. However, I would also conclude that Alaniz would prevail even under an abuse of discretion standard.

No. 19-40486

trial counsel's representation" to support his failure-to-consult claim than he relied on for his failure-to-file claim. *Id.* at 1300.

Here, Alyanette testified that she asked multiple times within the time period for filing an appeal.[2]  Additionally, the evidence of whether counsel even advised Alaniz of his rights appears to corroborate Alaniz's claim.[3] However, counsel claims that he does not remember Alaniz telling him he wanted to appeal.  The district court did not conclude that the claim would fail on the merits.  Also, importantly, Alaniz relied on the same set of facts for his claims.  Thus, *Roe* is distinguishable.

Instead, I would look to this court's prior caselaw for guidance.  In *United States v. Gutierrez*, 548 F. App'x 181 (5th Cir. 2013), this court concluded that a claim that pre-trial counsel was ineffective by subsequently representing an adverse witness in the defendant's trial related back to the defendant's claim that trial counsel was ineffective for failing to object to the testimony of the adverse witness on that basis.  *Id.* at 182-83.  In so doing, I would conclude that the claims are tied to a common core of operative facts and properly relate back.  Any minimal difference would clearly fall within

---

[2] The majority attempts to dismiss this on the basis that Alyanette did not "direct[] them to *file* an appeal" and that her discussions with counsel only "related to whether Alaniz *could* appeal." (Emphasis original).  Thus, the majority claims that the discussions cannot constitute part of the core operative facts.  I disagree.  Alyanette's testimony establishes that her repeated discussions with counsel regarding an appeal were sufficient to put counsel on notice that Alaniz wanted to appeal.  In fact, Alyanette testified that Galvan repeatedly told her that she would ask Vasquez about an appeal and get back to her, but never did.  Additionally, Alaniz was incarcerated.  There are limitations on when, how and how often prisoners can contact counsel or anyone else.  Family members often do the outside communicating.

[3] Galvan testified that she and Vasquez "let [Alaniz] know that he had the right to appeal" as they left the courtroom.  Vasquez testified that he did not recall ever having a discussion with Alaniz regarding his appellate rights.

the accepted purpose of merely expanding the facts alleged. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 102 (5th Cir. 1995)).

For these reasons, I would reverse and remand. Thus, I respectfully dissent.