# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50335
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2023

Lyle W. Cayce
Clerk

Trevor Aaron Baugh,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee.*

—————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CV-121

—————————————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Trevor Aaron Baugh, Texas prisoner # 02134262, appeals the denial of his 28 U.S.C. § 2254 application challenging his jury-trial conviction and sentence for robbery. He contends that the district court erred by denying

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

on the merits his claim that his attorney rendered ineffective assistance during his plea hearing.

As this court did not grant a certificate of appealability on Baugh's claim that his due process rights were violated by Texas habeas laws and procedures, we lack jurisdiction to consider it. *See United States v. Alaniz*, 5 F.4th 632, 635 (5th Cir. 2021). We need not decide whether the Texas Court of Criminal Appeals denied Baugh's state habeas claim on the merits such that 28 U.S.C. § 2254(d) applies because Baugh's claim fails even under de novo review. *See Ward v. Stephens*, 777 F.3d 250, 256 (5th Cir. 2015).

Contrary to Baugh's contention, he is required to show both that counsel performed deficiently and that Baugh was prejudiced by that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 689-94 (1984); *Beets v. Scott*, 65 F.3d 1258, 1265-72 & n.8 (5th Cir. 1995) (en banc) (holding that presumption of prejudice under *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980), applies only to cases involving counsel's representation of multiple clients with adverse interests). Since the plea-hearing transcript reasonably may be understood to indicate that Baugh maintained that he was innocent of committing robbery, his attorney did not perform deficiently by failing to advocate more forcefully for the acceptance of the plea offer at issue. *See Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012). Nor does Baugh's trial testimony establish prejudice by showing that he would have been willing to plead guilty to robbery under the plea offer; at trial, he admitted only to having committed acts sufficient to support a conviction for theft, not robbery. *See id.* at 163; *Howard v. State*, 333 S.W. 3d 137, 138 (Tex. Crim. App. 2011) (holding that, to commit robbery, defendant must be "aware that his conduct is reasonably certain to place someone in fear" of imminent bodily harm).

AFFIRMED.