# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 22-30461
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2023

Lyle W. Cayce
Clerk

Carlos T. Lewis,

*Petitioner—Appellant*,

*versus*

Jerry Goodwin, *Warden, David Wade Correctional Center*,

*Respondent—Appellee*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CV-699

―――――――――――――――――――――――――

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Carlos T. Lewis, Louisiana prisoner # 102982, appeals the time-bar denial of a 28 U.S.C. § 2254 application challenging his 2006 conviction for attempted distribution of cocaine and life sentence at hard labor without parole as a third-felony offender. This court issued a certificate of appealability (COA) on the question whether he was entitled to equitable

――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

tolling. We review the district court's decision whether to apply equitable tolling for abuse of discretion. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Because Lewis does not address the issue in his appellate brief, he abandons the only issue before the court. *See United States v. Alaniz*, 5 F.4th 632, 635 (5th Cir. 2021); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if we were to consider the arguments raised in his COA brief, however, we would affirm.

We need not address whether Lewis acted diligently because he does not identify any extraordinary circumstance that stood in his way and prevented him from timely filing a § 2254 application. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, a prisoner's pro se status, ignorance of the law, unfamiliarity with the legal process, and temporary lack of access to legal materials do not warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Fisher*, 174 F.3d at 715. Although Lewis was quarantined for approximately 18 days in the months before the limitations period expired, he submitted the motion for an extension of time during the quarantine period and never alleged that the quarantine prevented him from timely filing even a skeletal application in the month that remained after the quarantine ended. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED. The motion for appointment of counsel is DENIED.